IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKY LEE PERRY, ID # 05048891,             ) | |
|             Plaintiff,                                      ) | |
| vs.                                                              ) | No.  3:05-CV-2371-K (BH) |
|                                                                     ) | ECF |
| LEW STERRETT DETENTION              ) | Referred to U.S. Magistrate Judge |
| CENTER, et al.,                                      ) | |
|             Defendants.                                ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

On November 30, 2005, the Court received plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 against the Lew Sterrett Detention Center. (Compl. at 1.) Plaintiff, an inmate in the Dallas County Jail, complained about a lack of proper medical care. (*See id.* at attached page.) He failed to indicate whether he had exhausted available grievance procedures. (*See id.* at 3 (question regarding exhaustion left unanswered.) The Court thus issued a Notice of Deficiency and Order on December 9, 2005, wherein it granted plaintiff twenty days to submit documentation regarding exhaustion or to otherwise indicate whether he has exhausted the grievance procedures. (*See* Notice of Deficiency and Order.) On February 22, 2006, the Court received an amended complaint against the Dallas County Jail Medical Staff that does not indicate whether plaintiff has exhausted the grievance procedure. (Am. Compl. at 1, 3 (question regarding exhaustion left unanswered.))

Plaintiff has provided nothing to indicate that he has exhausted the grievance procedure available at the Dallas County Jail. No process has been issued in this case.

## II. EXHAUSTION

A prisoner must fully exhaust administrative remedies before pursing a civil action concerning prison conditions. Section 1997e(a) of Title 42 of the United States Code, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

To exhaust in accordance with § 1997e(a), a prisoner in a the Dallas County Jail must pursue his administrative remedies under the two-step grievance procedure applicable in that facility.

> The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the prisoner to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member will forward the grievance to the on-duty shift supervisor, who will in turn forward it to the Grievance Board for review. After review and an investigation, if necessary, the Grievance Board will issue a written decision. Upon receiving the written decision, the inmate will have five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board will review all documents submitted in connection with the appeal and issue a decision, which may be reviewed by the Sheriff.

2

*See Medrano v. Dallas County Jail Med. Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, *2 (N.D. Tex. Jan. 18, 2005) (findings, conclusions, and recommendation citing *Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495, *2 (N.D. Tex. 2001)), *accepted as modified by* 2005 WL 877925 (N.D. Tex. Apr. 14, 2005).

Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the Court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (citations and internal quotation marks omitted), *cert. denied*, 541 U.S. 1012 (2004). Furthermore, substantial compliance with administrative procedures is insufficient to permit pursuit of a federal lawsuit. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to conclusion", he has not exhausted "available remedies." *Id.*

In this instance, plaintiff does not allege that he has exhausted his administrative remedies. (*See* Compl. at 3; Am. Compl. at 3.) He has provided no reason for not exhausting available administrative remedies. Because plaintiff has failed to exhaust his administrative remedies and has provided no adequate excuse for such failure his complaint should be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint without prejudice for plaintiff's failure to exhaust his administrative remedies.

**SIGNED this 12th day of May, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE